UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY | § | |
| F/K/A USF INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-160 |
| | § | |
| HUN K. CHANG AND NOE PEREZ, | § | |
| | § | |
| *Defendants*. | § | |

MEMORANDUM, ORDER AND FINAL JUDGMENT

Pending before the court is plaintiff Atain Speciality Insurance Company's ("Atain") motion for summary judgment (Dkt. 12) and defendant Hun K. Chang's motions for leave to file supplemental summary judgment evidence (Dkts. 38, 39). Having considered the motions, responses, replies, and applicable law, the court is of the opinion that Atain's motion for summary judgment should be GRANTED and Chang's motions should be DENIED AS MOOT.

I. BACKGROUND

This is a declaratory judgment action in which Atain seeks a declaration that no coverage exists, that Atain has no duty to provide a defense, and that Atain has no duty to provide indemnity to or to pay for any judgment rendered against Hun K. Chang under Insurance Policy No. LGBCP73398 (the "Policy") for the claims made in Cause No. 2010-26120, *Noe Perez v. La Pantera Club, Inc., Professional Security Patrol, and Jose Monarrez*, in the 165th Judicial District Court of Harris County, Texas. Dkts. 1, 12, 27.

On April 10, 2010, Chang was insured by Atain under the Policy when Jose Monarrez, an employee of Professional Security Patrol, allegedly fired twenty-eight shots at Noe Perez, injuring

him, while Perez was on Chang's premises outside La Pantera Night Club. Dkts. 12, 18, 37. Perez filed a lawsuit in the 165th Judicial District Court of Harris County, Texas against La Pantera, Monarrez, Professional Security Patrol, and Chang. Dkts. 1, 18, 37. Perez then filed a notice of dismissal of the suit against Professional Security Patrol. The original suit against La Pantera, Monarrez, and Chang remains pending. Dkts. 12, 18. Perez re-filed against Professional Security Patrol in the 61st Judicial District Court of Harris County. Dkts. 12, 18. This suit resulted in a default judgment against Professional Security Patrol. Dkt. 18, Exh. E.

In his original petition in the 165th District Court, Perez claimed that "Jose Monarrez was working in the course and scope of his employment for Professional Security Patrol when he negligently discharged his weapon shooting Plaintiff 28 times . . . ." Dkt. 12, Exh. C. Perez then amended his petition four times. Dkt. 12. In the fourth iteration, Perez changed his allegation, claiming "Monarrez was working in the course and scope of his employment for Professional Security Patrol when he negligently injured Plaintiff." Dkt. 12, Exh. B. The fourth amended petition later describes the injuries as "numerous gunshot wounds to [Perez's] body." Dkt. 12, Exh. B. In this fourth amended petition, Perez also asserted a claim against Chang for negligence, gross negligence, negligent supervision, premises liability, and vicarious liability. Dkt. 12, Exh. B.

Atain is currently providing a defense in the 165th District Court suit for Chang, subject to a reservation of rights. Dkts. 1, 37. However, Atain brought this action for declaratory relief to establish the lack of coverage under the Policy and Atain's lack of a duty to defend or indemnify Chang. Dkts. 1, 18, 37. The Policy language at issue in this case is contained in Sections I(A)(1)(a) ("Bodily Injury and Property Damage Liability Coverage"), I(A)(2)(a) ("Intentional Acts Exclusion") and X ("Assault and Battery Exclusion"). Dkt. 12, Exh. A. The dispute centers around whether

Perez's underlying action for negligence against Chang arose out of an assault and battery, which would relieve Atain of any duty to defend or indemnify Chang in the underlying case.

Section I of the Policy provides:

1.    **Insuring Agreement**

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   . . . .

2.    **Exclusions**

   This insurance does not apply to:

   a.    Expected or Intended Injury
         "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion [(the "Intentional Acts Exclusion")] does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

Dkt. 12, Exh. A.  Atain argues that the underlying claims are not covered by the Policy due to the Assault and Battery Exclusion, Section X, which excludes coverage arising from "Assault and Battery committed by any insured, any employee of any insured, or any other person."  Dkt. 12, Exh. A.  Atain asserts that it therefore does not have a duty to defend or a duty to indemnify Chang for the underlying claims.  Dkt. 1.

Perez argues that the underlying claims do not arise out of assault and battery, but from negligence, and that the Policy exclusion is therefore not applicable.  Dkt. 5.  Chang argues that Monarrez was acting in self-defense, which does not trigger the Policy exclusion since "[the Intentional Acts] exclusion does not apply to 'bodily injury' resulting from the use of reasonable

force to protect persons or property." Dkt. 12, Exh. A; Dkt. 37.  Perez and Chang filed counterclaims in this action seeking declaratory relief that Atain does have a duty to defend and indemnify Chang under the Policy.  Dkts. 5, 7.

Atain has filed a motion for summary judgment.  Dkt. 12.  Atain argues that the court should grant the motion because there is no genuine issue of material fact whether the Policy exclusion applies to the underlying claim, which is a claim arising from assault and battery.  Dkt. 12.   Perez and Chang oppose the motion.  Dkts. 18, 37. Perez argues that the documents Atain seeks to use in support of its motion are not admissible under the eight-corners rule, and that since there was no mention of any intentional conduct in Perez's pleadings, there remains an issue of material fact regarding the Policy exclusion.  Dkt. 18. Chang argues that an issue of material fact remains as to whether Monarrez used reasonable force while acting in self-defense, which would not trigger the Policy exclusion for expected or intended injury.  Dkt. 37.

## II. Summary Judgment Standard

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id* . "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell* , 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).   By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts."   *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

Atain argues that the court should grant summary judgment on its duty to defend and its duty to indemnify in Atain's favor because the Assault and Battery Exclusion in the Policy applies in this case. Atain urges the court to consider extrinsic evidence about the alleged assault and battery, arguing that the court may do so pursuant to an exception to the "eight corners" rule. Dkt. 12.  Perez counters that the  Texas Supreme Court has never expressly recognized such an exception, and that the court should not therefore apply an exception.  Dkt. 18.  Chang asserts that the Assault and Battery Exclusion does not apply because Monarrez was acting in self defense and urges the court to consider evidence that Monarrez was acting in self defense in response to Perez charging him with his car.  Dkt. 37.  Lastly, Atain argues that, even without the court recognizing an exception and considering extrinsic evidence, "no plausible argument exists [within the four corners of Perez's pleadings] for the proposition an assault did not take place."  Dkt.  41 at 3.

### A. Atain's Duty to Defend

Under Texas law, "an insurer assumes both the duty to indemnify the insured, . . . and the duty to defend any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false, or fraudulent, subject to the terms of the policy."  *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009).  The "eight-corners" rule is used to determine an insurer's duty to defend and states that a court must look only to the four corners of the insurance policy and the four corners of the pleadings of the third-

party claimant in its determination.  *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006); *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 408 (5th Cir. 2012).

Atain asserts that the Texas Supreme Court in *Fielder Road* implicitly recognized an exception to the "eight-corners" rule which would allow extrinsic evidence to be considered. Dkt. 12.  Further, Atain claims the Fifth Circuit has acknowledged and applied the exception, and that this court is bound by those Fifth Circuit precedents.  Dkt 12.  Pursuant to this exception, Atain seeks to introduce extrinsic evidence showing that the underlying claim arises from an assault and battery, which would exclude the claim from coverage, and therefore Atain would have no duty to defend Chang.  Dkt. 12.

Conversely, Perez argues that the Texas Supreme Court has never recognized such an exception, and that the Fifth Circuit has recognized Texas's "unwavering unwillingness" to acknowledge or apply any exception to the "eight-corners" rule.  Dkt. 18.  Thus, Perez urges this court to determine Atain's duties by looking only at Perez's pleadings and the actual insurance policy, and to find that the underlying claim is covered under the Policy.  Chang contends that Monarrez was acting in self-defense in order to prevent Perez from using his vehicle to kill or injure Monarrez and other patrons, and that Monarrez could not have committed an assault or battery since he was acting in self-defense.  Dkts. 7, 37.

As Atain suggests, the court need not determine whether or not an exception to the "eight-corners" rule exists because Atain's duty can be determined without looking outside the eight corners of Perez's pleadings and the Policy.  When considering the pleadings to determine if an exclusion applies, the court must examine the factual allegations rather than the legal theories asserted by the plaintiff.  *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695 (5th Cir. 1996).  A

7

party cannot "reconstruct[] his pleadings, omit[] the truth, [or] hid[e] behind the eight corners rule"

in an attempt to force an insurer to defend.  *Nautilus Ins. Co. v. Tex. State Sec. & Patrol*, No. SA-09-

CA-390-OG, 2010 WL 3239157, at *7 (W.D. Tex. June 8, 2010).  Thus, it is not determinative that

Perez's petitions assert that Monarrez and Chang acted negligently; rather the court must consider

the specific facts alleged.  In Perez's fourth amended petition, Perez alleges he "sustained numerous

gunshot wounds to his body" due to Monarrez's negligent acts.[1]  Dkt. 12, Exh. B.  Looking only at

this pleading, the court finds that this is not an incident involving a negligent discharge of one, or

even two, rounds.  Rather, Monarrez discharged his gun *numerous* times.  No reasonable jury could

find that this was a negligent act.

The Policy does not define the terms assault or battery.  Texas courts may look to statutes for

definitions when the statute "bear[s] on the subject matter of insurance contracts or . . . define[s] the

rights and liabilities of the parties to such contracts."  *Carroll v. Universal Underwriters Ins. Co.*,

613 S.W.2d 815, 817 (Tex. Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).  Under the

Texas Penal Code, "[a] person commits an [assault] if the person: (1) intentionally, knowingly, or

recklessly causes bodily injury to another, [or] (2) intentionally or knowingly threatens another with

imminent bodily injury."  Tex. Penal Code Ann. § 22.01(a) (West 2009).  Here, the face of the

pleadings clearly show that Monarrez intentionally, knowingly, or recklessly caused bodily injury

---

[1] Perez's original petition mentions that Monarrez fired twenty-eight shots, although it claims that the weapon was negligently discharged.  Dkt. 12, Exh. C.  Even if the court disregarded the allegation that Monarrez fired twenty-eight shots, the fact that the fourth amended petition states that Perez sustained "numerous gunshot wounds" makes the allegation of negligent discharge entirely implausible.  Dkt. 12, Exh. B.

to Perez. Consequently, the assault triggers the Assault and Battery Exclusion relieving Atain of its duty to defend.[2]

Chang asserts that the "reasonable force" exception stated in the Intentional Acts Exclusion requires coverage under the Policy. Dkt. 37. That exception provides that a normally excluded intentional act will not be excluded from coverage if it resulted from the use of reasonable force to protect persons or property. Dkt. 12 Exh. A. Atain argues that the exception for reasonable force applies solely to the Intentional Acts Exclusion, not the Assault and Battery Exclusion, pointing out that the Assault and Battery Exclusion does not contain any exceptions. Dkt. 12, Exh. A; Dkt. 41. In *Bursey v. 497 Communipaw Avenue Corp.,* the insurance company, Mount Vernon, sought summary judgment on a negligence claim arising from a bar fight. *Bursey v. 497 Communipaw Ave. Corp.*, A-0465-10T2, 2011 WL 5041325 (N.J. Super. Ct. App. Div. Oct. 25, 2011) at *1. The policy at issue included two provisions very similar to the exclusions at issue here: one excluding coverage for claims arising from an assault and battery, and the other excepting the use of reasonable force from an expected or intended injury. *Id.* The court affirmed the trial court's summary judgment in

---

[2] Other courts have reached similar conclusions; for example, in *Acceptance Insurance Co. v. Walkingstick*, this court held that an insurance company had no duty to defend or indemnify in an underlying lawsuit alleging negligence following a shooting at a nightclub. *Acceptance Ins. Co. v. Walkingstick*, 887 F. Supp. 958, 962. (S.D. Tex. 1995) (Hughes, J.). In *Walkingstick*, the injured party was killed by a .25 caliber bullet fired during an altercation at the nightclub. *Id.* at 959. Acceptance's insurance policy had an assault and battery exclusion similar to Chang's policy exclusion, and the court did not allow the plaintiffs to plead their way around the exclusion, nothing that they "would never have brought negligence claims . . . absent the assault and battery committed by a third party . . . ." *Id.* This court followed *Walkingstick* in *American Western Home Insurance Co. v. Israel*, granting summary judgment for an insurance company on a cause of action alleging negligence, among others, arising from an assault at an apartment complex. *Am. W. Home Ins. Co. v. Israel*, 747 F. Supp. 2d 785, 787 (S.D. Tex. 2010) (Jack, J.). In that case, the injured party was asleep at an apartment complex insured by American Western when he "was bull rushed by intruders who brutally assaulted him . . . ." *Id.* at 787-788. The court held that American Western did not have a duty to defend or indemnify because of the assault and battery exclusion in the policy. *Id.* at 793; *see also Cantuillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695 (5th Cir. 1996) (finding the assault and battery exclusion precludes a duty to defend or indemnify a negligence claim arising from a sexual assault)*; Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Tex. App.—Dallas 1989, writ denied) (finding the assault and battery exclusion precludes a duty to defend or indemnify a negligence claim arising from an assault by an unknown assailant); *Tarrant Cnty. Ice Sports, Inc. v. Equitable Gen. Life Ins. Co. of Okla.*, 662 S.W.2d 129 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (finding the assault and battery exclusion precludes a duty to defend or indemnify claims arising out of a hockey team's assault on several patrons).

9

favor of Mount Vernon, finding that the assault and battery exclusion "plainly excluded *all* claims based on alleged assaults, even if the assaults were performed in *self-defense* . . . ." *Id.* at *5 (emphasis added); *see also Al Who Enters, Inc. v. Capitol Indem. Corp.*, 457 S.E.2d 696 (Ga. Ct. App. 1995) (finding the "reasonable force" exception applied only to the expected or intended exclusion and not to the assault and battery exclusion). Having considered the arguments, the Policy, and the applicable case law, the court finds the "reasonable force" exception does not apply to the Assault and Battery Exclusion; therefore, the court does not need to address whether Monarrez used reasonable force while acting in self-defense or consider whether there is an exception to the "eight-corners" rule for the duty to defend.

### B. Atain's Duty to Indemnify

An "insurer's duty to defend and duty to indemnify are distinct and separate duties." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). "[T]he duty to indemnify is not dependent on the duty to defend, and . . . an insurer may have a duty to indemnify its insured even if the duty to defend never arises. *D.R. Horton-Texas, Ltd.*, 300 S.W.3d at 741. Specifically, the "eight-corners" rule does not apply to the duty to indemnify; rather, "the duty to indemnify depends on the facts proven and whether the damages caused by the actions or omissions proven are covered by the terms of the policy." *Id.* at 744. As a result, indemnification is usually not justiciable until the consummation of the underlying suit. *Id.*

In *Griffin*, which was decided before *D.R. Horton-Texas*, the Texas Supreme Court considered whether the insurer had a duty to defend and indemnify in an underlying case in which Griffin was shot in a drive-by shooting and sued the driver of the vehicle. *Griffin*, 955 S.W.2d at 82. The driver invoked his automobile insurance carrier's duty to defend, and the insurance company challenged both the duty to defend and the duty to indemnify. *Id.* The Texas Supreme

10

Court held that there was no duty to defend because the claim fell within the policy's intentional acts exclusion. *Id.* at 83.   It then noted that it "may sometimes be necessary to defer resolution of indemnity issues until the liability litigation is resolved," but it determined that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify*." *Griffin*, 955 S.W.2d at 84. The court reasoned that "no facts [could] be developed  in the underlying tort suit that [could] transform a drive-by shooting into an auto-accident" covered by the policy. *Griffin*, 955 S.W.28 at 84.   Several Texas courts interpreted *Griffin* to mean that because the duty to defend is broader than the duty to indemnify, if an insurer has no duty to defend, it automatically has no duty to indemnify.  *See D.R. Horton-Texas*, 300 S.W.3d at 744 n.4 (collecting cases and authorities that had "mistakenly cited *Griffin* for this proposition").  In *D.R. Horton-Texas*, the Texas Supreme Court instructed that *Griffin* "cannot be construed so broadly," and clarified that *Griffin* is merely an exception to the rule that the underlying lawsuit must be decided before indemnification is justiciable that only applies when there is "no conceivable set of facts" in the underlying suit that would support a finding of a duty to indemnify.  *D.R. Horton-Texas*, 300 S.W.3d at 745.

Here, it is clear that the *Griffin* exception applies.  There is no set of facts in the underlying lawsuit which would allow the fact-finder to conclude that the numerous gunshot wounds sustained by Perez were not the result of an assault—thus triggering the Assault and Battery Exclusion. Therefore, the court holds that the duty to indemnify is justiciable and that the Assault and Battery Exclusion relieves Atain of any duty to indemnify.

**IV. CONCLUSION**

Atain's motion for summary judgment (Dkt. 12) is hereby GRANTED.  Chang's motions for leave to file supplemental summary judgement evidence (Dkts. 38, 39) are therefore DENIED AS MOOT.

This is FINAL JUDGMENT.

Signed at Houston, Texas on June 12, 2012.

_____
Gray H. Miller
United States District Judge

12